IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY SPADA,  :  Plaintiff  :  v.  : Case No. 1:20-cv-223-SPB-KAP  CAPTAIN RICHARD HOUGHTON,  :  *et al.*,  :  Defendants  :  | |

<u>Memorandum</u>

Plaintiff Zachary Spada filed a complaint against three corrections officers at the Erie County Prison alleging they used excessive force by spraying him with oleoresin capsicum (OC) on six occasions in September through November of 2018, when Spada was a pretrial detainee. The defendants filed a motion for summary judgment to which Spada responded. I recommended the defendants' motion be granted because there was no genuine issue of fact that the uses of OC spray were not excessive. Spada filed objections (the court granted him until August 28, 2022, to file objections, so more may be forthcoming), and I write in response to clarify a couple of matters raised in the objections.

First, Spada is correct at Objections ¶6 that I erroneously attributed the warnings about Spada to the staff at Houtzdale, when in fact it was PSP personnel. I said nothing about who transported him to the prison.

Second, Spada is correct at Objections ¶8 that video evidence was submitted. He asks the Court to review it because it is "irrefutable" and "may be exculpatory." This hardly constitutes a specific objection that under the Magistrate Judges' Act requires review by the Court. Previously, according to Spada, the video footage was irrelevant because it does not record the actual use of OC spray except for Houghton's use of OC spray on October 29, 2018. Plaintiff's Statement of Facts, ECF no. 59, ¶132. I found reference to the video evidence unnecessary. Because the Supreme Court has implicitly commanded that appellate review of video footage be *de novo*, see <u>Scott v. Harris</u>, 550 U.S. 372, 379 (2007), my description of the footage would be of no value to the Court.

Third, Spada is correct at Objections ¶9, ¶16, and ¶17, that I recommend summary judgment to defendants on three occasions where a jury could find that Spada had terminated his disruptive behavior just prior to the use of OC spray. In the first case (Spada notes the incident was not captured on video) a jury accepting Spada's account that he was sprayed when he had stopped banging, turned, and was walking away, would necessarily have to find that Spada had ceased his disruption so close in time to the use of spray that the officer's use of spray was indisputably a response to the disruption and

1

not after-the-fact retribution. Spada's argument that once an inmate has finished with whatever conduct he desires any response to it is impermissible punishment is flat out wrong. *See* Hardwick v. Packer, 546 Fed.Appx. 73, 77 (3d Cir. 2013)(affirming summary judgment to a corrections officer who tackled an inmate who had spit on him).

In the latter two cases, there is a second justification for use of OC spray: Spada's admitted disruptive behavior would require the removal from the cell of the paper gown that Spada had turned into a weapon. That Spada had just paused his behavior did not make him or the weapon less of a threat, and the use of OC spray to impair Spada's ability to resume behavior that threatened corrections officers was a reasonable response. Spada's assumption that the only permissible reason to use OC spray is to stop an attack in progress is not correct.

Spada also objects to my appending a background article discussing the use of OC spray, claiming: 1) the spray used at the prison could have been much more toxic than any spray in this old study; 2) a publication called Prison Legal News has reported deaths from use of OC spray; and 3) the prison itself considers OC spray higher on the use of force continuum than verbal commands, officer presence, and handcuffing. To clarify what I thought I stated clearly enough: the article was background material. But: 1) "could have been" is not evidence of excessive use of force; 2) if there is competent evidence to submit that OC spray is dangerous in itself, Spada should seek to admit it; and 3) I did not observe that OC spray is the least possible use of force, only that it is far down on the list of available options.

On that last point, the Supreme Court has held that, in considering whether a use of force is excessive, injury or the lack thereof is a relevant factor. The only injury Spada even claimed in his complaint is that he suffered temporary pain. Spada's only evidence of injury in each incident is his testimony that he suffered temporary pain, and that pain was so clearly not debilitating that in one case while decontaminating from the use of OC spray Spada was able to plot and execute his next threat to corrections officers. Even if Spada produced or could produce competent evidence that the use of OC spray is a danger of serious injury even when the recipient does not have morbid obesity, postural restraints, or preexisting respiratory problems, there is no evidence of that in any incident in this case.

In each incident in which Spada claims the use of OC spray was an excessive use of force, a jury accepting Spada's version of the facts would have to find that there was an incident justifying the use of force, that a controlled amount of OC spray was used, that the OC spray produced only temporary pain, and that Spada received immediate evaluation and decontamination from the use of OC spray. *Compare* Hardwick v. Packer, *supra*, 546 Fed.Appx. at 76 (bleeding laceration to inmate's forehead that was treated did not show excessive use of force). Spada cannot defeat a properly supported motion for

summary judgment by offering only the conclusory allegation that the use of OC spray is more dangerous than the evidence shows or inflicted more injury than he himself claimed.

Finally, Spada's argument that any use of force was excessive because in his mind at the instant he was sprayed he was no threat to anyone is not evidence of a genuine issue of material fact. A jury could never find corrections officers liable based on what it thought about what may have been in the inmate's mind, or based on the speculation that if the officers had taken some other course of action that might have worked out too.

DATE:  August 11, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Zachary Spada NX-7892
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000