IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY SPADA,<br>   Plaintiff,<br><br>  v.<br><br>WARDEN KEVIN SUTTER, et al.,<br>   Defendants. | C.A. No. 20-223 Erie<br><br>District Judge Susan Paradise Baxter<br>Magistrate Judge Keith A. Pesto |

## MEMORANDUM ORDER

This is a *pro se* civil rights action filed by Plaintiff Zachary Spada, an inmate formerly imprisoned as a pretrial detainee at the Erie County Prison ("ECP") in Erie, Pennsylvania, against three corrections officers at ECP: Richard Houghton, Shawn Bolt, and Albert Wood.[1] Plaintiff alleges that Defendants used excessive force against him in violation of the fourteenth amendment to the United States Constitution and Pennsylvania state law when they deployed oleoresin capsicum ("OC") spray against him on six occasions in September through November 2018.[2] This matter was referred to United States Magistrate Judge Keith A. Pesto for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On September 30, 2021, Defendants filed a motion for summary judgment [ECF No. 53], supported by numerous exhibits, including eleven (11) DVD's containing video recordings of the

---

[1] This Court previously issued a Memorandum Order [ECF No. 7] dismissing numerous other Defendants who were named in Plaintiff's complaint because of their lack of personal involvement in the complained-of misconduct.

[2] Plaintiff subsequently filed a supplemental complaint on May 12, 2021 [ECF No. 47], in which he clarified a few of the allegations in his original complaint, but did not alter the claims in this case.

events surrounding the incidents at issue in this case. After the motion was fully briefed by the parties, Judge Pesto issued a Report and Recommendation ("R&R") on July 22, 2022, recommending that Defendants' motion be granted and that judgment be entered in favor of Defendants and against Plaintiff on all claims [ECF No. 69].

Timely objections to the R&R, together with a supporting brief, were filed by Plaintiff on August 4, 2022 [ECF Nos. 73, 74]. The Court finds the majority of Plaintiff's objections to be self-serving, argumentative, and/or inconsequential. Indeed, the only objection raised by Plaintiff that warrants further comment is his correct observation that the R&R contains "no indication" that Judge Pesto viewed the videos, which, Plaintiff claims, are "irrefutable" and "may be exculpatory" (ECF No. 73, at ¶ 8). In response to Plaintiff's objections, Judge Pesto placed on the docket a memorandum [ECF No. 76] stating, *inter alia*, that he "found reference to the video evidence unnecessary," and that his "description of the footage would be of no value to the Court" (Id. at p. 1). It is unclear from these statements whether Judge Pesto actually reviewed the videos and chose not to refer to them in the R&R, or whether he simply chose not to view the videos because Plaintiff noted in his Statement of Facts that the "video footage was irrelevant" (Id.). Nonetheless, after conducting its own review of the video evidence of record, the Court finds that the taped footage reveals nothing that would support Plaintiff's claims in this matter. Thus, Judge Pesto's failure to refer to the videos in his R&R, though regrettable, is ultimately harmless.

After *de novo* review of the complaint, documents, and evidence in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 15 day of September, 2022;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 53] is GRANTED and judgment is entered in favor of Defendants and against Plaintiff on all claims in this case. The report and recommendation of Magistrate Judge Pesto, issued July 22, 2022 [ECF No. 69], is adopted as the opinion of the Court.

The Clerk is directed to mark this case CLOSED.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Keith A. Pesto
U.S. Magistrate Judge

all parties of record